IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA,

| | | |
|---|---|---|
| **Lakeisha Rhodes** | § | |
| | § | 2007 MAY -1 A 10: 59 |
| Plaintiff, | § | |
| | § | DEBRA P. |
| v. | § | CIVIL ACTION NO. |
| | § | 1:07cv 373 - mef |
| **Larry Blumberg and Associates, Inc.** | § | |
| | § | |
| Defendant, | § | DEMAND FOR JURY TRIAL |
| | § | |

## COMPLAINT

Plaintiff, LAKEISHA RHODES, by and through her counsel, for her Complaint against Defendant, LARRY BLUMBERG AND ASSOCIATES, INC. (collectively "Blumberg" or "Defendants"), seeks to recover for Defendant's violations of the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. §§ 201 *et seq.*, and hereby states and alleges as follows:

### INTRODUCTION

1.   This action is brought pursuant to FLSA § 216(b) by Plaintiff for purposes of obtaining relief under the FLSA for unpaid overtime wages, liquidated damages, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate.

2.   Defendant operates and manages motels in Dothan Alabama.

3. Defendant denied overtime premium pay to Plaintiff as an hourly employee, denied overtime premium pay to Plaintiff after misclassifying Plaintiff as an "exempt" employee while on salary, and denied Plaintiff overtime pay under an invalid "belo" compensation plan. Defendant's deliberate failure to pay Plaintiff overtime compensation violates federal law as set out in the Fair Labor Standards Act. *See* 29 CFR 541.600.

## JURISDICTION AND VENUE

4. The FLSA authorizes court actions by private parties to recover damages for violation of the FLSA's wage and hour provisions. Jurisdiction over Plaintiffs' FLSA claims is based upon 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331-37.

5. Venue in this district is proper pursuant to 28 U.S.C. § 1391 (b) and (c), because Defendants operate in this district and a substantial part of the unlawful conduct giving rise to the claims occurred in this district.

## PARTIES

6. Defendant maintains their principal places of business in Dothan, Alabama.

7. Plaintiff is a former employee of Defendant within the last three years.

8. Plaintiff is a resident and domiciled in the State of Alabama.

## GENERAL ALLEGATIONS

9. Plaintiff worked from 2001 until March 2005.

10. Plaintiff was paid on an hourly basis at times, salaried basis at times, and under a "belo" compensation plan at times.

11. Defendant did not accurately maintain hours worked by Plaintiff.

12. Plaintiff worked as many as 75 hours a week.

13. Plaintiff's salary was based on a 40 hour week. Plaintiff's weekly "belo" compensation was based on 40 regular time hours and 5 overtime hours.

14. Plaintiff did not understand, agree, or sign an individual contract agreeing to be paid "belo" compensation.

## COUNT I

### Violation of the Fair Labor Standards Act of 1938

### (Brought Against Defendant by Named Plaintiff)

15. Plaintiff reasserts and incorporates by reference paragraphs 1 - 14 as set forth above as if fully restated herein.

16. At all time material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et. seq.*

17. Defendant violated the FLSA by failing to pay overtime compensation.

18. The FLSA regulates, among other things, the payment of overtime pay by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise

engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

19. Defendant was, and is, subject to the overtime pay requirements of the FLSA because it is an enterprise engaged in commerce and its employees are engaged in commerce.

20. Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from overtime pay obligations. None of the FLSA exemptions apply to the Plaintiffs. Accordingly, Plaintiffs must be paid overtime pay in accordance with the FLSA.

21. Defendant's failure to accurately pay overtime was willfully perpetrated. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and as a result thereof Plaintiff should recover for the three (3) year period preceding the date of filing this complaint.

22. Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

23. As a result of the aforesaid willful violations of the FLSA's overtime provisions, overtime compensation has been unlawfully withheld by Defendant from Plaintiff for which Defendant is liable pursuant to 29 U.S.C. § 216(b).

24. Plaintiff is entitled to damages equal to the mandated overtime premium pay within the three years preceding the filing of this Complaint, plus periods of equitable tolling, because Defendants acted willfully and knew, or showed reckless disregard of whether, its conduct was prohibited by the FLSA.

25. Pursuant to FLSA, 29 U.S.C. § 216(b), successful Plaintiffs are entitled to reimbursement of the costs and attorney's fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

WHEREFORE, it is respectfully prayed that this Court grant to the Plaintiffs the following relief:

a. Issue an Order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, declaring that Defendant's actions, as described in the Complaint, are unlawful and in violation of the FLSA and applicable regulations and are and were willful as defined in the FLSA;

b. Issue an Order directing and requiring Defendant to pay Plaintiff damages in the form of reimbursement for unpaid premium overtime wages (past and future) for all time spent in excess of 40 hours per week performing compensable work for which they were not paid pursuant to the rate provided by the FLSA;

c.  Issue an Order directing and requiring Defendant to pay Plaintiff liquidated damages pursuant to the FLSA in an amount equal to, and in addition to the amount of overtime wages owed to them;

d.  Issue and Order directing Defendant to reimburse Plaintiffs for the costs and attorneys fees expended in the course of litigating this action, pre-judgment and post-judgment interest;

f.  Provide Plaintiff with such other and further relief, as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests trial by jury of all issues triable by jury under Alabama and Federal law.

Dated: April 30, 2007

Respectfully submitted,

**THE COCHRAN FIRM**

*/s/ Robert J. Camp*
**ROBERT J. CAMP**
(ASB-1864-O76C)
505 North 20th Street, Ste 825
Birmingham, AL 35203
Phone: (205) 445-1313
Fax: (205) 244-1171