IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LAKEISHA RHODES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No: 1:07 CV 373 MEF |
| | ) |
| LARRY BLUMBERG & ASSOCIATES, INC., | ) ) |
| | ) |
| Defendant. | ) |

## JOINT MOTION FOR APPROVAL OF SETTLEMENT

**COME NOW** the parties to this litigation, including Plaintiff and Defendant, through counsel, and hereby jointly move for court approval of the settlement of this dispute, the terms of which are attached herein as Exhibit A. As grounds therefor, the parties state as follows:

1. This is a private action for back wages under the Fair Labor Standards Acts, 29 USC §216 ("FLSA").

2. "In reviewing a settlement of an FLSA private claim, the court must 'scrutinize the settlement for fairness,' and determine that the settlement is a 'fair' and reasonable resolution of a bona fide dispute over FLSA provisions." *Stalnaker vs. Novar Corporation*, 293 F. Supp. 2d 1260 (M.D.AL 2003) quoting *Lynn's Food Stores, Inc. vs. United States*, 679 F. 2d 1350, 1355 (11th Cir. 1982). "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute, the district court may approve the settlement in order to promote the policy of encouraging the settlement of litigation." *Lynn's Foods*, 679 F. 2d. at 1354, n1.

3. Through informal discovery, counsel shared information which revealed facts tending to show the following:

a.) That plaintiff worked at the Dothan Courtyard by Marriott from January 2001 to March 7, 2005 and at the Holiday Inn Dothan South from March 14, 2005 to August 4, 2005 and that Defendant, a hotel management business, provided certain management services for these hotels.

b.) That plaintiff's complaint in this matter was filed on May 1, 2007, limiting the time period in dispute from May 1, 2004 to August 4, 2005.

c.) That plaintiff was paid a salary during the time period of May 1, 2004 through August 23, 2004. Thereafter, she was paid on an hourly basis and time records concerning plaintiff's work hours were kept from August 2004 through her resignation in August 2005.

d.) From August 23, 2004 through July18, 2005, Plaintiff's hourly rate was $8.18 per hour. From July 18, 2005 to August 4, 2005, her hourly rate was $7.75.

4. The primary issues in dispute are:
    a.) whether the plaintiff was an employee of the defendant for purposes of the FLSA;
    b.) whether, as a front desk manager, she was exempt under the Executive or Administrative Exemptions of the FLSA;
    c.) whether the plaintiff's time records were an accurate recording of her time;
    d.) whether overtime was calculated appropriately;
    e.) whether the plaintiff worked hours in addition to those recorded;
    f.) whether plaintiff worked the specific hours claimed;
    g.) whether there is any evidence of willful violations; and
    h.) whether the applicable statute of limitations would bar all or part of any potential recovery in this case.

5. Because the cost of formal discovery would greatly outweigh the actual amount in controversy, counsel for both sides shared information on an informal basis in order to come to a resolution

of this matter. The Defendant provided to the plaintiff copies of the time clock and payroll records and Plaintiff made her first settlement demand on or about July 23, 2007.

6. Thereafter, counsel had several conference calls to negotiate the settlement; witnesses were interviewed and the parties reached a settlement agreement on or about September 19, 2007. A copy of the Settlement Agreement is attached and incorporated herein as Exhibit A.

7. This settlement represents a full resolution of the plaintiff's claims. In exchange for a full release, Plaintiff will receive $9,000. Defendant disputes that plaintiff is owed any wages whatsoever, but agrees to pay the total settlement funds as a compromise in order to avoid the cost of further litigation.

8. Counsel for both sides are experienced attorneys who practice in this area of law and have recommended this settlement as a reasonable compromise of all the issues. The parties to this litigation have also indicated their agreement to the terms.

WHEREFORE, the parties pray that this court enter an order finding that this settlement is a fair and reasonable resolution of this dispute and that there is no reason why such settlement cannot be implemented according to its terms.

DATED this the 21st day of September, 2007.

By: __s/ Elizabeth B. Glasgow_____
     Elizabeth B. Glasgow ASB-8348-S58E
     Attorney for Defendants

**OF COUNSEL:**
**FARMER, PRICE, HORNSBY**
**& WEATHERFORD, L.L.P.**
**Post Office Drawer 2228**
**Dothan, Alabama 36302**
**Tel:   (334) 793-2424**
**Fax:  (334) 792-6624**
**Email: eglasgow@fphw-law.com**

By: __s/ Robert J. Camp_____
Robert J. Camp ASB-1864-076C
Attorney for Plaintiff

**OF COUNSEL:**
**THE COCHRAN FIRM**
**505 North 20th Street, Suite 825**
**Birmingham, Alabama 35203**
**Tel:     (205) 244-1115**
**Fax:    (205) 244-1171**
**Email: rcamp@cochranfirm.com**

## CERTIFICATE OF SERVICE

I hereby certify that on September 21, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**Robert J. Camp, Esq.**
**505 North 20th Street, Suite 825**
**Birmingham, Alabama 35203**

__s/ Elizabeth B. Glasgow_____
Of Counsel

# SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

This Agreement and Mutual Release ("Agreement"), is entered into this ___ day of _____, 2007 by and between **Lakeisha Rhodes** (hereinafter "Plaintiff" or "Rhodes") and Defendant, **Larry Blumberg & Associates, Inc.** (hereinafter "Defendant") and is intended by the parties herein to: 1) settle all claims between them; 2) provide for a release of liability; and 3) effect the dismissal of the lawsuit now pending in the U.S. District Court for the Middle District of Alabama, 1:07 CV 373.

**Plaintiff's release:** The undersigned Plaintiff, for and in consideration of the payment of $9,000 (hereinafter 'Settlement Funds") and for other consideration the sufficiency of which is acknowledged, does, for herself and her respective heirs, executors, administrators and assigns, hereby completely and fully release and discharge Defendant, Dothan Motel L.L.C. d/b/a Holiday Inn Dothan South, Blumberg – Dothan Motel II, L.L.C. d/b/a Dothan Courtyard by Marriott and each of its officers, directors, employees, affiliates, attorneys, insurers, successors and assigns (hereinafter "Releasee"), from any obligation, liability, cause of action or responsibility of any kind, known or unknown, which occurred in the past, which exists now or which may accrue in the future against any Releasee concerning any dealings or matters of any kind involving Rhodes and any Releasee.

Plaintiff's release includes without limitation any and all actions, causes of action, grievances, suits, charges, complaints against any Releasee under the Fair Labor Standards Act, Equal Pay Act, Title VII of the Civil Rights Act of 1964, as amended, the Americans with Disabilities Act of 1990, Section 1981 of the Civil Rights Act of 1866, the Family and Medical Leave Act of 1993, state and federal Age Discrimination in Employment Act, and any claims, complaints or charges under any other federal, state or local law or in equity, including, without limitation claims based on contract or tort law.

Plaintiff further agrees and covenants that neither Plaintiff, nor any person, organization or any other entity acting on Plaintiff's behalf, will file, charge, claim, sue or cause or permit to be filed, any action against any Releasee involving any matter pertaining to Plaintiff's alleged employment with any Releasee which occurred in the past up to the date of this Agreement or involving any continuing effects of actions or practices which arose prior to the date of this Agreement, or involving any matter between Plaintiff and any Releasee.

It is understood and agreed that this is a full and final settlement of any all claims which each party might have against the other and is intended to be a full and final resolution of any dispute which exists between them. It is a compromise of disputed claims, and neither this release, nor the payment of settlement funds shall be construed as an admission of liability or of unlawful conduct by any party.  **All parties have access to counsel and are deemed to understand the contents and legal effect of this release.**  All parties hereby affirm that no other promises or inducements other than those contained in this release and settlement agreement have been made.

1

**Employment:** Plaintiff recognizes that her employment relationship with any Releasee is permanently severed, and she therefore agrees that she will not accept, knowingly apply for, or otherwise seek employment, either directly or indirectly, with any Releasee at any time, and that Releasee has no obligation, contractual or otherwise, to hire, employ or recall her in the future.

**Confidentiality**: Plaintiff agrees to keep the terms and amounts set forth in this Agreement and facts and circumstances surrounding the negotiation and execution of this Agreement confidential, and that neither she nor her attorney will hereafter disclose any information concerning this Agreement to any person other than present attorneys, accountants, financial or tax advisors. Upon inquiry, she may only disclose that this matter was resolved and that the lawsuit was dismissed.

**Attorneys' Fees and Allocation of Settlement Funds:** Each party hereto shall bear their own attorneys' fees and costs in connection with this matter and in effectuating this settlement agreement.

**Dismissal of Suit:** Upon court approval of this settlement, the receipt of settlement funds by the plaintiff's counsel and the delivery to defense counsel of this fully executed release and settlement agreement, counsel for the parties will file a stipulated dismissal of all pending proceedings including the suit now pending between the parties in the U.S. District Court for the Middle District of Alabama, 1:07 CV 373.

**Indemnity Agreement:** It is further agreed and understood that the Plaintiff will protect, indemnify and save harmless all Releasees from any and all claims or demands which are asserted against any Releasee concerning the Plaintiff. The undersigned acknowledges that all such claims will be satisfied by the Plaintiff herein and that such indemnity shall also include any and all attorneys' fees, costs and expenses expended by any Releasee on account of such claim.

**Tax Liability:** The parties agree that the Settlement Funds and other stated consideration represents the full and complete settlement of the Plaintiff's claims against the Releasee including any and all claims for attorneys' fees, costs, expenses and liabilities which Releasor may have incurred as a result of the aforereferenced lawsuit or this settlement. **Releasees have made no withholding from the sums paid hereunder.** Rhodes represents to Releasee that she has access to tax accountants or tax counselors and that Rhodes will be responsible for reporting and paying any applicable federal, state and/or local tax, if any, which may be due on monies received pursuant to this Agreement. Plaintiff further agrees to indemnify, defend and hold Releasee harmless from any such tax liability or obligation.

**Miscellaneous:** This agreement shall be construed and interpreted according to Alabama law. It is the product of a negotiated settlement and shall not be strictly construed

against either party. If any portion or section is deemed in valid, such invalidity shall not affect the enforceability of the remaining terms herein.

The parties acknowledge that they have read this release and understand and agree to its terms.

Signed this the _____ day of _____, 2007.


_____
Lakeisha Rhodes

Subscribed and sworn to before me this _____ day of _____, 2007.

_____
Notary Public

My commission expires: _____

Approved by counsel for Plaintiff: _____
Robert Camp