IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LAKEISHA RHODES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No: 1:07 CV 373 MEF |
| | ) |
| LARRY BLUMBERG & ASSOCIATES, INC., | ) |
| | ) |
| Defendant. | ) |

## JOINT MOTION FOR APPROVAL OF SETTLEMENT

COME NOW the parties to this litigation, including Plaintiff and Defendant, through counsel, and hereby jointly move for court approval of the settlement of this dispute, the terms of which are attached herein as Exhibit A. As grounds therefor, the parties state as follows:

1. This is a private action for back wages under the Fair Labor Standards Acts, 29 USC §216 ("FLSA").

2. "In reviewing a settlement of an FLSA private claim, the court must 'scrutinize the settlement for fairness,' and determine that the settlement is a 'fair' and reasonable resolution of a bona fide dispute over FLSA provisions." *Stalnaker vs. Novar Corporation*, 293 F. Supp. 2d 1260 (M.D.AL 2003) quoting *Lynn's Food Stores, Inc. vs. United States*, 679 F. 2d 1350, 1355 (11th Cir. 1982). "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute, the district court may approve the settlement in order to promote the policy of encouraging the settlement of litigation." *Lynn's Foods*, 679 F. 2d. at 1354, n1.

3. Through informal discovery, counsel shared information which revealed facts tending to show the following:

a.) That plaintiff worked at the Dothan Courtyard by Marriott from January 2001 to March 7, 2005 and at the Holiday Inn Dothan South from March 14, 2005 to August 4, 2005 and that Defendant, a hotel management business, provided certain management services for these hotels.

b.) That plaintiff's complaint in this matter was filed on May 1, 2007, limiting the time period in dispute from May 1, 2004 to August 4, 2005.

c.) That plaintiff was paid a salary during the time period of May 1, 2004 through August 23, 2004. Thereafter, she was paid on an hourly basis and time records concerning plaintiff's work hours were kept from August 2004 through her resignation in August 2005.

d.) From August 23, 2004 through July 18, 2005, Plaintiff's hourly rate was $8.18 per hour. From July 18, 2005 to August 4, 2005, her hourly rate was $7.75.

4. The primary issues in dispute are:
   a.) whether the plaintiff was an employee of the defendant for purposes of the FLSA;
   b.) whether, as a front desk manager, she was exempt under the Executive or Administrative Exemptions of the FLSA;
   c.) whether the plaintiff's time records were an accurate recording of her time;
   d.) whether overtime was calculated appropriately;
   e.) whether the plaintiff worked hours in addition to those recorded;
   f.) whether plaintiff worked the specific hours claimed;
   g.) whether there is any evidence of willful violations; and
   h.) whether the applicable statute of limitations would bar all or part of any potential recovery in this case.

5. Because the cost of formal discovery would greatly outweigh the actual amount in controversy, counsel for both sides shared information on an informal basis in order to come to a resolution of this matter. The Defendant provided to the plaintiff copies of the time clock and payroll records and Plaintiff made her first settlement demand on or about July 23, 2007.

6. Thereafter, counsel had several conference calls to negotiate the settlement; witnesses were interviewed and the parties reached a settlement agreement on or about September 19, 2007. A copy of the Settlement Agreement is attached and incorporated herein as Exhibit A.

7. This settlement represents a full resolution of the plaintiff's claims. In exchange for a full release, Plaintiff will receive $9,000. Defendant disputes that plaintiff is owed any wages whatsoever, but agrees to pay the total settlement funds as a compromise in order to avoid the cost of further litigation.

8. Counsel for both sides are experienced attorneys who practice in this area of law and have recommended this settlement as a reasonable compromise of all the issues. The parties to this litigation have also indicated their agreement to the terms.

WHEREFORE, the parties pray that this court enter an order finding that this settlement is a fair and reasonable resolution of this dispute and that there is no reason why such settlement cannot be implemented according to its terms.

DATED this the 21st day of September, 2007.

By: _____
Elizabeth B. Glasgow ASB-8348-S58E
Attorney for Defendants

**OF COUNSEL:**
**FARMER, PRICE, HORNSBY**
**& WEATHERFORD, L.L.P.**
Post Office Drawer 2228
Dothan, Alabama 36302
Tel:   (334) 793-2424
Fax:  (334) 792-6624
Email: eglasgow@fphw-law.com

By: _____
Robert J. Camp ASB-1864-076C
Attorney for Plaintiff

OF COUNSEL:
**THE COCHRAN FIRM**
505 North 20th Street, Suite 825
Birmingham, Alabama 35203
Tel:   (205) 244-1115
Fax:   (205) 244-1171
Email: rcamp@cochranfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 28, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Robert J. Camp, Esq.
505 North 20th Street, Suite 825
Birmingham, Alabama 35203


  s/ Elizabeth B. Glasgow
  Of Counsel